# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SEVENTY SEVEN FINANCE INC.,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11409 (LSS)<br>Re: D.I. 258 |
| In re:<br><br>SEVENTY SEVEN ENERGY INC.,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11410 (LSS) |
| In re:<br><br>SEVENTY SEVEN OPERATING LLC,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11411 (LSS) |
| In re:<br><br>GREAT PLAINS OILFIELD RENTAL, L.L.C.,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11412 (LSS) |
| In re:<br><br>SEVENTY SEVEN LAND COMPANY LLC,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11413 (LSS) |
| In re:<br><br>NOMAC DRILLING, L.L.C.,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11414 (LSS) |
| In re:<br><br>PERFORMANCE TECHNOLOGIES, L.L.C.,<br><br>    Debtor | Chapter 11<br><br>Case No. 16-11415 (LSS) |

| | |
|---|---|
| In re:<br><br>PTL PROP SOLUTIONS, L.L.C.,<br><br>    Debtor | )<br>) Chapter 11<br>)<br>) Case No. 16-11416 (LSS)<br>)<br>)<br>) |
| In re:<br><br>SSE LEASING LLC,<br><br>    Debtor | )<br>) Chapter 11<br>)<br>) Case No. 16-11417 (LSS)<br>)<br>)<br>) |
| In re:<br><br>KEYSTONE ROCK & EXCAVATION, L.L.C.,<br><br>    Debtor | )<br>) Chapter 11<br>)<br>) Case No. 16-11418 (LSS)<br>)<br>)<br>) |
| In re:<br><br>WESTERN WISCONSIN SAND COMPANY, LLC,<br><br>    Debtor | )<br>) Chapter 11<br>)<br>) Case No. 16-11419 (LSS)<br>)<br>) *re: docket #258*<br>) |

## FINAL DECREE (I) CLOSING THE CHAPTER 11 CASES AND (II) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtors (the "Reorganized Debtors") for entry of a final decree (this "Final Decree") closing these chapter 11 cases, authorizing the Reorganized Debtors to retain certain warrants and terminating certain claims and noticing services, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and

---

[1] Capitalized terms not defined herein are defined in the Motion.

2

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that Debtors' notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The following chapter 11 cases of the Reorganized Debtors are hereby closed; *provided* that this Court shall retain jurisdiction as provided in Article XI of the Plan:

| Debtor | Case No. |
| --- | --- |
| Seventy Seven Finance Inc. | 16-11409 |
| Seventy Seven Energy Inc. | 16-11410 |
| Seventy Seven Operating LLC | 16-11411 |
| Great Plains Oilfield Rental, L.L.C. | 16-11412 |
| Seventy Seven Land Company LLC | 16-11413 |
| Nomac Drilling, L.L.C. | 16-11414 |
| Performance Technologies, L.L.C. | 16-11415 |
| PTL Prop Solutions, L.L.C. | 16-11416 |
| SSE Leasing LLC | 16-11417 |
| Keystone Rock & Excavation, L.L.C. | 16-11418 |
| Western Wisconsin Sand Company, LLC | 16-11419 |

3. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Reorganized Debtors in these chapter 11 cases as contemplated by the Plan and the Confirmation Order.

4. The Reorganized Debtors shall, on or before 30 days after entry of this Final Decree: (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5. The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below. Thereafter, Prime Clerk shall have no further obligations to this Court, the Debtors, the Reorganized Debtors, or any other party in interest with respect to the Claims and Noticing Services in these chapter 11 cases.

6. Pursuant to Local Rule 2002-1(f)(ix), within 30 days of entry of this Final Decree, Prime Clerk (or the Reorganized Debtors, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in the lead case containing claims of all cases. Prime Clerk shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims. In addition to the

foregoing, pursuant to Local Rule 2002-1(f)(xii), Prime Clerk shall docket a Final Claims Register in each jointly-administered case containing the claims of only that specific case.

7. Should Prime Clerk receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, Prime Clerk shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

8. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

9. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Dated: March 30, 2017
Wilmington, Delaware

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE